UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LILY SAWYER**,
395 Manhattan Drive
Burlington, VT 05401

 *Plaintiff*,

v.

**Rodrigo Arturo Rey-Cubillos**,
18651 Pier Point Place
Montgomery Village M, MD 20886

 **and**

**Hann & Hann, Inc.**,
12307 Washington Avenue
Rockville, MD 20852

 *Defendants*.

Case No. _____

## COMPLAINT

 Plaintiff, Lily Sawyer, by counsel, moves this Court for judgment against Defendants Rodrigo Arturo Rey-Cubillos ("Rey-Cubillos") and Hann & Hann, Inc. ("Hann & Hann"), on the grounds and in the amounts set forth below.

### PARTIES

 1. Plaintiff Lily Sawyer, is a resident of the state of Vermont.

 2. Upon information and belief, Defendant Rey-Cubillos, is, and was at all times relevant, a resident of the state of Maryland.

 3. Upon information and belief, Defendant Hann & Hann is, and was at all times relevant, a corporation incorporated in the state of Maryland with its principal place of business also within that state.

4.        At all relevant times, Rey-Cubillos was an employee of Hann & Hann.

## JURISDICTION AND VENUE

5.        This Court has subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a), because it is between citizens of different states[1], and the amount in controversy exceeds $75,000.

6.        Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court, because Defendants maintain facilities and business operations in this District, and/or all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## FACTS ESTABLISHING NEGLIGENCE

7.        On the afternoon of December 30, 2020, 27-year-old Plaintiff Lily Sawyer was on foot, crossing Garfield Street in Northwest D.C., in the marked crosswalk, with a crossing signal.

8.        Mr. Rey-Cubillos, driving a construction van, on the job for Hann & Hann, was traveling northbound on 32nd Street, turning onto Garfield Street, when he failed to yield the right of way to Lily and struck her.

9.        9-1-1 was called. Shortly thereafter, medics arrived. Medics observed Lily in serious left ankle and foot pain.

10.       Plaintiff was taken by ambulance to the emergency room at MedStar Georgetown University Hospital for observation and treatment of her injuries. She later continued her treatment with an orthopedic surgeon and other health care providers.

---

[1] A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

11. Ultimately, when more conservative treatment failed, the left foot injury required surgery to stabilize the fracture (of the anterior process of her calcaneus), involving a bone graft from her iliac crest (her pelvis).

12. The recovery was long and taxing, and Lily is left with permanent injuries.

13. To date, to treat her injuries, Lily has incurred over $61,000 in medical bills.

14. As a result of the collision, Defendant Rey-Cubillos was charged with violating D.C. Code § 50-2201.28 (failing to yield to a pedestrian).

## COUNT I: NEGLIGENCE OF DEFENDANT REY-CUBILLOS

15. Plaintiff incorporates by reference every other allegation in this complaint.

16. Defendant Rey-Cubillos had a duty to operate his vehicle with due care for the safety of others and to pay appropriate time and attention to the roadways.

17. Defendant was negligent in numerous ways including, but not limited to, the following:

(a) he failed to operate the vehicle with due care for the safety of others;

(b) he failed to maintain proper control of the vehicle;

(c) he failed to pay full time and attention to his driving;

(d) he failed to keep a proper lookout; and

(e) he failed to comply with laws regarding the operation of motor vehicles in the District of Columbia.

18. Metropolitan Police Department Officer Arthur Brown charged Rey-Cubillos with failing to yield to a pedestrian, in violation of D.C. Code § 50-2201.28. D.C. Code § 50-2201.28 is a public safety statute intended to protect pedestrians at risk of being struck by cars. Lily, at the

time of the collision at issue, was a member of the class of people whose safety D.C. Code § 50-2201.28 is intended to protect. Therefore, Mr. Rey-Cubillos' violation of D.C. Code § 50-2201.28 on the day in question was negligence per se.

19. As a direct and proximate result of the negligence and negligence per se of Defendant Rey-Cubillos, Lily sustained serious, painful, and permanent injuries; she has required and continues to require medical treatment and therapy, including surgery; she has incurred and will continue to incur the expenses of this medical treatment and therapy; she has been precluded and continues to be precluded from engaging in normal activities and pursuits and has been rendered permanently impaired; she has experienced and will continue to experience pain, mental anguish, suffering, and inconvenience; and she has sustained and will continue to sustain other losses and damages cognizable in law.

## COUNT II: NEGLIGENCE OF DEFENDANT HANN & HANN

20. Plaintiff incorporates by reference every other allegation in this complaint.

21. At the time Defendant Rey-Cubillos was operating his vehicle, he was acting within the scope and course of his employment with Defendant Hann & Hann.

22. Defendant Hann & Hann is vicariously liable under *respondeat superior* for the negligence of Defendant Rey-Cubillos.

23. As a direct and proximate result of the negligence and negligence per se of Defendant Hann & Hann, Lily sustained serious, painful, and permanent injuries; she has required and continues to require medical treatment and therapy, including surgery; she has incurred and will continue to incur the expenses of this medical treatment and therapy; she has been precluded and continues to be precluded from engaging in normal activities and pursuits

and has been rendered permanently impaired; she has experienced and will continue to experience pain, mental anguish, suffering, and inconvenience; and she has sustained and will continue to sustain other losses and damages cognizable in law.

## PRAYER FOR RELIEF

24.     WHEREFORE, Plaintiff Lily Sawyer moves this Court for judgment against Defendants Rey-Cubillos and Hann & Hann, jointly and severally, in the amount of $1,000,000, together with pre-judgment interest from the date of the incident forward, post-judgment interest, costs, and any other such relief as may be afforded by law and which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

25.     Plaintiff demands a trial by jury of all issues.

Thank you,

LILY SAWYER
*Plaintiff*

By:

/s/ *[signature]*

Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066